### FREDERICK L. BELL *vs.* ELBRIDGE A. FLANDERS.

Piscataquis.    Opinion October 19, 1916.

*Agreements made subsequent to original agreement but not incorporated in deed or writing. Deeds.*

This suit was brought to recover damages from the defendant for breach of an oral agreement to purchase and convey to the plaintiff certain water rights in the land of a third party and is before this court on report.

*Held;*

1. The evidence fails to support the allegations in the declaration or to authorize the court in this case to make an exception from the established rule, that when parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and all oral tstimony of a previous colloquium between the parties or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly of one of the parties, is rejected.

Action on the case to recover damages for alleged failure of defendant to purchase and convey to plaintiff certain water rights in land adjoining property of plaintiff, which was purchased from defendant's testate. Defendant pleaded the general issue and also brief statement setting up the statute of frauds. At the conclusion of the testimony, the case was reported to the Law Court with certain stipulations. Plaintiff nonsuit.

The case is stated in the opinion.

*Henry Hudson,* for plaintiff.

*L. B. Waldron, and C. W. Hayes,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-BROOK, JJ.

HANSON, J. This suit was brought to recover damages from the defendant for breach of an oral agreement to purchase and convey to the plaintiff certain water rights in the land of a third party, and is before this court on report. The defendant died pending the action and his executrix comes in to defend. The declaration contains two counts, each stating the plaintiff's claim substantially as follows:

"In a plea of the case for that the said defendant on the 24th day of January, A. D., 1913, being seized in fee of two tracts or parcels of land situate in the town of Sangerville, county of Piscataquis and State of Maine, containing one hundred and four acres more or less known as the Doyle farm in said town, in consideration that the plaintiff would purchase from said defendant said tracts of land and pay therefor the sum of sixteen hundred dollars the said defendant then and there as a part of the consideration for the conveyance of said farm then and there promised said plaintiff that he would purchase from one Folsom a spring from which the water formerly was taken to the buildings on said farm and lay from said spring to the dwelling house on said farm a water pipe of sufficient size to carry the water from said spring to said house, and would dig the ditch in which to put said pipe and cover said pipe and do all that was necessary to do in order to take said water from said spring to said house; the said plaintiff says that relying upon the promise of said defendant to purchase said spring and lay said pipe as heretofore set out he did buy said farm from said defendant on said 24th day of January, A. D. 1913, and did pay therefor the full purchase price of sixteen hundred dollars for said farm, and said defendant did on said 24th day of January, A. D., 1913, convey said farm to said plaintiff; but the said defendant did not regard his promise made as aforesaid to purchase said spring and lay said pipe as set out heretofore, but utterly refused and still refuses so to do; by reason whereof the said defendant became liable to pay to said plaintiff the sum of two hundred dollars, and then and there promised said plaintiff to pay him said sum, yet though often requested has neglected and refused so to do."

The defendant pleaded the general issue, and by brief statement says "that the contract, if any, between said plaintiff and Elbridge

A. Flanders was for the sale of lands, tenements and hereditaments, or of some interest in or concerning them and said contract is not in writing."

On account of the death of Elbridge A. Flanders, the plaintiff's evidence was confined to three witnesses,—Mrs. Folsom, the owner of the spring, her daughter, and Mr. J. W. Crosby, the attorney who wrote the deed. Mrs. Folsom testified under objection, to conversations with Mr. Flanders in which she says that Mr. Flanders stated that "he had agreed to put running water in Mr. Bell's house and barn, and he wanted to know what I was going to take for the water." Her daughter's testimony is substantially the same. Each of these witnesses states further that, afterwards, Mr. Flanders "came over with Mr. Bodge and asked us if we understood him to say he had agreed to put running water in Bell's house and barn. I told him I did, and told him what he said; and he said he did not have any recollection of it; he could not recollect it at all."

Mr. Bodge's account of this interview contradicts these witnesses. His version is that Mr. Flanders denied making such agreement with Mr. Bell, and asserted "that what I did tell Mr. Bell was, 'Mrs. Folsom and I are on good terms, and there is some water there you could have in your buildings, and if I can make a good trade for you, as you want it, I shall do it.' "

The deed described in the declaration was made with great care, and contains several reservations and exceptions, but makes no mention whatever of water rights as set out, or any consideration therefor; which, taken with the testimony of Mr. J. W. Crosby, leaves the case without sufficient evidence that Elbridge A. Flanders agreed to purchase the spring as claimed. It appears from the testimony of Mr. Crosby that a list of personal property included in the sale was made by him when he was present with the parties settling the terms of the contract; that later there was correspondence between Mr. Crosby and the plaintiff in relation to the payments, and during the negotiations no mention was made of water rights being included in the sale. It further appears from the testimony of Mrs. Folsom and her daughter that the interviews to which they testify took place "after the farm had been sold," and no date is fixed, with reference to the execution of the deed, when the alleged agreement was made.

The evidence therefore fails to support the allegations in the declaration, or to authorize the court in this case to make an exception from the established rule that, when parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and all oral testimony of a previous colloquium between the parties or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. Greenleaf on Evidence, Vol. 1, sec. 275; *International Harvester Co.* v. *Fleming,* 109 Maine, 104.

The entry will be,

*Plaintiff nonsuit.*